IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JESSIE RIVERA,

                Petitioner,                    OPINION AND ORDER

  v.

                                                   14-cv-455-wmc

JORGE CASTANEDA, Warden,
Federal Correctional Institution – Big Spring,[1]

                Respondent.

---

Petitioner Jessie Rivera, also known as Salvador Melendez, seeks habeas corpus relief under 28 U.S.C. § 2241 from his continued confinement at the Federal Correctional Institution at Oxford, Wisconsin. The government has filed an answer and both parties have submitted briefing. After considering all of the pleadings and exhibits, the court concludes that the petition must be denied for reasons set forth below.

BACKGROUND

Rivera seeks relief pursuant to 28 U.S.C. § 2241 from a sentence received in 2005 in *United States v. Rivera*, No. 03-cr-78 (M.D. Tenn.). In particular, Rivera challenges the enhanced sentence that he received as a "career offender" under § 4B1.1 of the United States Sentencing Guidelines. Because Rivera has already made multiple, earlier attempts to challenge his sentence, an overview of the conviction's procedural history follows.

---

[1] Petitioner has been transferred to the Federal Correctional Institution at Big Spring, Texas, where Jorge Castaneda is the Warden. The caption has been amended accordingly.

I.   **Guilty Plea, Sentencing and Direct Appeal**

On July 13, 2004, the day of his scheduled trial, Rivera pled guilty without a written plea agreement to a five-count indictment against him in the Middle District of Tennessee, Nashville Division, charging him with the following offenses: conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846 and 851(a)(1) and 18 U.S.C. § 2 (count one); possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846 and 851(a)(1) and 18 U.S.C. § 2 (count two); possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. §§ 924(c) and 2 (count three); possession of a firearm by a convicted felon/illegal alien in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(5) and 924 (count four); and illegal re-entry by a previously deported aggravated felon in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2) (count five).

According to the presentence report, Rivera had at least two prior convictions for a "controlled substance offense" as defined by § 4B1.2(b) of the Sentencing Guidelines, which made him eligible for an enhanced sentence as a career offender.[2] In that respect, in 1992, Rivera was convicted in Los Angeles Superior Court Case No. YA010534 of "possession of cocaine base for sale" in violation of § 11351.5 of the California Health &

---

[2] A defendant over the age of 18 is eligible for an enhanced sentence under the career-offender guideline if "the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense" and "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). In this context, a "'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

Safety Code. After his initial two-year sentence of probation was revoked on September 21, 1993, Rivera received a three-year prison sentence in that case. In addition, on June 27, 1993, Rivera was convicted in Los Angeles Superior Court Case No. YA016175 of "possess[ion] purchase for sale [of] controlled substance" in violation of § 11351 of the California Health & Safety Code. Although Rivera initially received a term of three years' probation in that case, his probation was revoked on October 7, 1993, and he was sentenced to three years in prison. As a result of these California convictions, Rivera was deported to El Salvador as an aggravated felon in 1995.

At sentencing, the district court found that Rivera qualified as a career offender and sentenced him to a total of 420 months' imprisonment under the advisory sentencing guidelines. (Dkt. # 5, Exh. 2, *Judgment* at 2). Rivera's conviction and sentence were summarily affirmed on appeal in an unpublished decision. (*See* Dkt. # 5, Exh. 5, *United States v. Rivera*, No. 05-5424 (6th Cir. Jan. 25, 2006).)

## II. Post-Conviction Motion to Vacate Under 28 U.S.C. § 2255

After his conviction was affirmed on direct appeal, Rivera filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, arguing that: (1) he was denied effective assistance of counsel; and (2) his classification as a career offender was improper. As to the latter argument, Rivera asserted that his criminal history from California involved only possession, rather than distribution, and cocaine powder, rather than cocaine base. The district court held that: (1) Rivera's attorney was not deficient; and (2) Rivera had not offered proof that his prior convictions were actually for simple

3

possession or were otherwise misdemeanors, such that they should not have been counted toward his career-offender status. (See Dkt. # 5, Exh. 7, *Rivera v. United States*, No. 07-cv-86 (M.D. Tenn. March 7, 2007) at 8.) Rivera neither filed an appeal nor sought a certificate of appealability from the district court's decision to deny relief under § 2255.

### III.  Successive Motions for Collateral Review

Rivera filed a subsequent petition for a writ of error *audita querela* under 28 U.S.C. § 1651, purporting to challenge his sentence under the career-offender guideline. Noting that this petition was actually an unauthorized, successive motion for relief under 28 U.S.C. § 2255, the district court dismissed that petition on July 23, 2009. *Rivera v. United States*, 2009 WL 2224368 (M.D. Tenn.).

Nearly six years after his initial motion under § 2255 was denied, Rivera filed a motion for relief from the judgment on March 26, 2013, under Fed. R. Civ. P. 60(b)(4) and (6). In that motion, Rivera once again asserted that his 1992 California conviction in Case No. YA010354 was for simple possession of powder cocaine in violation of California Health & Safety Code § 11350(a). Rivera argued, therefore, that he was actually innocent of career-offender status. In support of this Rule 60(b) motion, Rivera also presented an *April 1992 abstract* of judgment in Case No. YA010354, as well as other documents showing that he pled guilty to violating California Health & Safety Code § 11351.5, which penalizes possession for sale or purchase for sale of cocaine base. As was noted in the PSR, the abstract confirmed that Rivera initially received a two-year

4

term of probation, although it was later revoked in September 1993, and he was then sentenced to three years' imprisonment in Case No. 7A010354.[3]

Ultimately, the district court construed Rivera's Rule 60(b) motion as a successive application for relief under § 2255 and transferred it to the Sixth Circuit. (See Dkt. # 5, Exh. 9, *Rivera v. United States*, No. 07-cv-86 (M.D. Tenn. May 15, 2013).) After considering the government's response, the Sixth Circuit later denied Rivera leave to file a successive motion under § 2255. In doing so, the Sixth Circuit noted that regardless of the April 1992 abstract of judgment, the subsequent abstract of judgment from September 1993 indicated that the conviction in Case No. YA010354 was for sale of a controlled substance (making Rivera's career-offender designation in 2005 valid). (See Dkt. # 5, Exh. 11, *In re Jessie Rivera, aka Salvador Melendez*, No. 13-5687 (6th Cir. 2013).) The court also pointed out that the documents presented by Rivera were not "new" because they were available both at his sentencing *and* when he filed his initial § 2255 motion. (*Id.*)

### IV. Rivera's Pending Petition for Relief Under 28 U.S.C. § 2241

Rivera again seeks relief from his enhanced sentence, this time under 28 U.S.C. § 2241. This time, however, Rivera argues that relief is warranted because he was improperly classified as a career offender for reasons outlined in the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013). The government argues that Rivera's challenge to his sentence under the advisory guidelines is "not cognizable"

---

[3] Rivera apparently offered no explanation for the subsequent abstract of judgment contradicting his claim that the conviction was for simple possession.

on collateral review. Alternatively, the government argues that Rivera does not meet the stringent criteria for relief under 28 U.S.C. § 2241. The court addresses both arguments briefly in its opinion below.

OPINION

I. **Cognizable Claims**

Claims challenging the application of the sentencing guidelines are ordinarily not cognizable in post-conviction collateral review proceedings. *See Welch v. United States*, 604 F.3d 408, 412 (7th Cir. 2010); *see also Scott v. United States*, 997 F.2d 340, 342-43 (7th Cir. 1993) (observing "that arguments of the sort [the defendant] proffers [in his § 2255 motion] must be advanced on direct appeal or not at all"). A prisoner may, however, have a cognizable claim on collateral review *provided* he can establish that an intervening change in the law, made retroactive to cases on collateral review, has resulted in a sentence that exceeds the statutory maximum for the underlying offense. *See Welch*, 604 F.3d at 412-13. In such a case, the sentencing error is considered a fundamental defect that results in a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 587 & n.1 (7th Cir. 2013).

A prisoner whose sentence was erroneously enhanced under the *mandatory* sentencing guideline scheme (*i.e., pre-Booker*) may have just such a cognizable claim on collateral review. *See Narvaez v. United States*, 674 F.3d 621, 627-28 (7th Cir. 2011); *Brown v. Rios*, 696 F.3d 638, 640-41 (7th Cir. 2012). Unfortunately for Rivera, however, these specific, narrow exceptions do not apply to a prisoner like him, who claims that his

sentence was erroneously enhanced under the *post-Booker* advisory guidelines. *See Hawkins v. United States*, 706 F.3d 820, 823-24, *supplemented on denial of rehearing en banc*, 724 F.3d 915 (7th Cir. 2013), *cert. denied*, 134 S. Ct. 1280 (2014); *United States v. Coleman*, 763 F.3d 706, 708-09 (7th Cir. 2014). In light of *Hawkins* and *Coleman*, Rivera's claim that he was improperly sentenced under the advisory career-offender guideline is not eligible for review.

II. § 2241 Relief

Even assuming that review were available, Rivera fails to show that he is entitled to relief for the alternative reasons cited by the government. Rivera seeks relief under 28 U.S.C. § 2241 based on claims that are normally reserved for review under 28 U.S.C. § 2255, which is the exclusive means for challenging the validity of a federal sentence. *See Unthank v. Jett*, 549 F.3d 534, 534 (7th Cir. 2008). Here, Rivera is precluded from again seeking relief in this court under § 2255 by the prohibition on successive motions and by the statute of limitations.

Ordinarily, a federal prisoner who is barred from seeking relief under § 2255 may not circumvent the statutory restrictions on review by challenging his conviction or sentence under § 2241. *See United States v. Prevatte*, 300 F.3d 792, 799 (7th Cir. 2002) (quoting *Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir. 2001)). To litigate his claims, a habeas petitioner must meet a heavy burden to satisfy the so-called "savings clause" found in § 2255(e), which provides for review in limited circumstances:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be

7

entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to § 2255], to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added); *Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014) (noting that relief is available under the savings clause in § 2255(e) only in "rare circumstances").

A petitioner must satisfy three conditions before being allowed to proceed under the savings clause. *In re Davenport*, 147 F.3d 605, 610-12 (7th Cir. 1998). First, his claim for relief must rely on "a 'statutory-interpretation case,' rather than a 'constitutional case.'" *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). Second, the case relied upon must apply retroactively such that he could not have invoked it in his first § 2255 motion. *Id*. Third, where a sentence enhancement is alleged to be erroneous, there must "have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Id*.

Assuming that he meets the first condition, Rivera's claim that he is entitled to relief from his enhanced sentence under *United States v. Descamps*, 133 S. Ct. 2276 (2013), is without merit because the case is not retroactive or relevant. In *Descamps*, the Supreme Court held that "sentencing courts may not apply the modified categorical approach [to determine whether a prior conviction qualifies as a predicate for enhancement under the Armed Career Criminal Act] when the crime of which the defendant was convicted has a single, indivisible set of elements." 133 S. Ct. at 2282. In

8

doing so, the Supreme Court followed its previous decisions in *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005).

Rivera has not demonstrated that the holding in *Descamps* assists him here. Even if it did, the Supreme Court has not held that the holding in *Descamps* is retroactive, such that it would apply to him. *See Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014) (noting that the Supreme Court has not made *Descamps* retroactive on collateral review); *Baker v. Zych*, No. 13-cv-512, 2014 WL 1875114 at *2 (W.D. Va. May 9, 2014) (collecting cases finding that *Descamps* is not retroactive on collateral review).

Accordingly, Rivera has not demonstrated that he satisfies the requisite conditions for review under the savings clause found in 28 U.S.C. § 2255(e), and his petition is subject to dismissal. More importantly, Rivera does not establish that his enhanced sentence was imposed in error or that he is in custody in violation of the Constitution or laws of the United States. For this reason, his petition will be denied.

ORDER

IT IS ORDERED that:

1. The federal habeas corpus petition filed by Jessie Rivera pursuant to 28 U.S.C. § 2241 is DENIED.

2. This case is DISMISSED with prejudice.

Entered this 17th day of May, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge